1  BARBARA A. MATTHEWS (SBN 195084)
   Assistant U.S. Trustee
2  MARGARET H. McGEE, Trial Attorney (SBN 142722)
   UNITED STATES DEPARTMENT OF JUSTICE
3  Office of the United States Trustee
   1301 Clay Street, Suite 690N
4  Oakland, California 94612-5231
   Telephone: (510) 637-3200
5  maggie.mcgee@usdoj.gov

6  Attorneys for Acting United States Trustee, Sara L. Kistler

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>CAROLYN YVONNE BELL<br><br>　　　　Debtor. | Case No. 09-43072 EDJ 7<br><br>Chapter 7<br><br>Adversary Proceeding No.<br><br>COMPLAINT TO REVOKE DISCHARGE |
| Sara L. Kistler, Acting<br>United States Trustee,<br>　　　　Plaintiff,<br>　　v.<br><br>CAROLYN YVONNE BELL<br>　　　　Defendant. | |

Plaintiff, Sara L. Kistler, the Acting United States Trustee for the Northern District of California (the "Acting U.S. Trustee"), complains of defendant and debtor Carolyn Yvonne Bell, and alleges the following claim for relief:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction to hear and determine this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a), 157(b)(1) and 11 U.S.C. § 727(d) in that the proceeding arises under Title 11 of the United States Code.

COMPLAINT TO REVOKE DISCHARGE 09-43072 EDJ 7　　　　　　　　　　　　1
Case: 10-04091    Doc# 1    Filed: 04/16/10    Entered: 04/16/10 13:26:26    Page 1 of 6

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J) and (O).

3. Venue for this adversary proceeding is properly before this Court pursuant to 28 U.S.C. § 1409(a).

**GENERAL ALLEGATIONS**

4. Plaintiff, Sara L. Kistler, is the Acting United States Trustee for the Northern District of California and, as such, monitors the administration of cases commenced under Chapters 7, 11, 12 and 13 of Title 11 of the United States Bankruptcy Code (11 U.S.C. § 101 et.seq.) pursuant to 28 U.S.C. § 586(a)(3).

5. Plaintiff has standing to seek revocation of the Debtor's discharge in this case pursuant to 11 U.S.C. § 307 and 727(e).

6. Carolyn Yvonne Bell ("Debtor"or "Defendant"), is a Debtor in the above-captioned chapter 7 case.

7. The Debtor filed a voluntary bankruptcy petition under chapter 7 of the Bankruptcy Code on April 14, 2009. Thereafter, Lois Brady was appointed the chapter 7 trustee.

8. Defendant filed a petition, schedules A through J and a statement of financial affairs ("SoFA") in this chapter 7 case on April 14, 2009.

9. Defendant was represented in case no. 09-42073 by Thomas M. Swihart.

10. The Debtor's first meeting of creditors was held on May 12, 2009.

11. The Debtor was granted a discharge on August 26, 2009.

12. Defendant failed to list any prior bankruptcies on her petition filed on April 14, 2009, which asks a debtor to identify prior bankruptcies filed within 8 years.

13. Defendant filed the following bankruptcy cases prior to April 14, 2009:

| case no.& chapter | filing date | disposition | representation |
| --- | --- | --- | --- |
| 07-40331 EDJ 13 | 2/2/07 | dismissed by debtor 2/28/07–no schedules or SoFA filed | counsel Thomas M. Swihart |
| 07-40733 RN 13 | 3/12/07 | dismissed by debtor 3/20/07–no schedules or SoFA filed. | counsel Thomas M. Swihart |

| | | | |
|---|---|---|---|
| 07-41112 TCH 13 | 4/12/07 | dismissed by debtor 4/27/07– no schedules or SoFA filed. | pro se |
| 07-41487 EDJ 13 | 5/16/07 | dismissed on motion of trustee on 7/6/07 for failure to file complete schedules and plan. | pro se |
| 07-41802 EDJ 13 | 6/13/07 | dismissed 8/20/07 w/ prejudice. Db sanctioned 5k if db files another case without permission. | Pro se |
| 08-47268 TCH 7 | 12/8/08 | dismissed 1/8/09 for failure to file complete papers | pro se |

14. Defendant filed the following cases on or after April 14, 2009:

| | | | |
|---|---|---|---|
| 09-43072 EDJ 7 | 4/14/09 | discharged 8/26/09 | counsel Thomas M. Swihart |
| 09-70695 RN 13 | 11/09/09 | pending | counsel Thomas M. Swihart |
| 09-70696 EDJ 7 | 11/0/09 | dismissed | counsel Thomas M. Swihart |

15. Defendant did not identify any real property interests on Schedule A which asks a debtor to list all real property in which the debtor has an interest.

16. The Acting U.S. Trustee is informed and believes, and based thereon alleges, at the time she filed this chapter 7 bankruptcy case no. 09-43072, Defendant owned, or had an equitably interest in, the following real properties:

    a. 3354 Reliez Highland Road, Lafayette, Ca. 94549

    b. 185-187 25th Street, Richmond, Ca.

17. Defendant did not identify any transfers of real property in answer to question number 10 of her SoFA, which asks a debtor to list all transfers made absolutely or as security in the two years preceding the commencement of the case.

18. The Acting U.S. Trustee is informed and believes, and thereon alleges, Defendant

transferred real property within two years of April 14, 2009, the date she filed chapter 7 case number 09-43072, as follows:

| PROPERTY | TRANSFER | REFERENCE IN BANKRUPTCY PAPERS |
|---|---|---|
| 3354 RELIEZ HIGHLAND RD. LAFAYETTE, CA. 94549 | Debtor transferred property to sons's cousin in 2007 in exchange for assumption of debt. Debtor still lives here and currently pays the mortgage. | Listed as home address on the petition. |
| 151 FUCHSIA CT. HERCULES, CA. 94547 | Foreclosed 1/21/09 | Listed on Schedule J as location of business. |
| 2625 KENNEY DRIVE SAN PABLO, CA. 94806 | Property foreclosed on in 2008 or 2009 | No Reference |
| 521/527 S. 49TH STREET RICHMOND, CA. 94804 | Foreclosed in 2008 | Listed as foreclosed in 2/06 in sch F |
| 2419-2421 ROOSEVELT RICHMOND, CA. 94804 | Foreclosed in 2009 | Listed as foreclosed 5/05 per schedule F. |
| 2359 ESMOND AVE RICHMOND CA. 94804 | Foreclosed in 2008 | Listed as foreclosed 5/06 per schedule F. |

19. Plaintiff is informed and believes, and thereon alleges, Defendant holds a real estate license no. 00781014 which was not identified in Schedule B, number 23, which asks a debtor to identify licenses, franchises, and other general intangibles.

20. Plaintiff is informed and believes and thereon alleges, Defendant operates a licensed boarding care facility 185-187 25th Street in Richmond.

21. Plaintiff is informed and believes and thereon alleges, Defendant failed to identify the license to operate a board care facility on Schedule B, number 23, which asks a debtor to identify licenses, franchises, and other general intangibles,

22. Plaintiff is informed and believes and thereon alleges, Defendant failed to identify her board care business in answer to question number 18 of the Statement of Financial Affairs, which asks a debtor to list the names, addresses and tax identification numbers, nature of businesses and beginning and ending dates of all businesses in which the debtor was an officer,

1 partner, sole proprietor or was self employed in a trade or profession within six years
2 immediately preceding the commencement of the case.

3     23. Plaintiff is informed and believes Defendant received rental income within the
4 two years preceding the commencement of the bankruptcy case from properties in which she had
5 an interest and failed to list the rental income in answer to question number 2 of the statement of
6 financial affairs which asks a debtor to list income from sources, other than from employment,
7 for the year in which they filed and the two calendar years preceding the year in which they
8 filed.

**CLAIM FOR RELIEF**
**Discharge Obtained Through the Fraud of the Debtor**
**[11 U.S.C. § 727(d)(1)]**

11     24. Plaintiff re-alleges and incorporates herein by reference paragraphs one through
12 23, inclusive, set forth above.

13     25. Defendant fraudulently and intentionally failed to disclose of all of the necessary
14 information required on Schedules A through J and her SoFA, as set forth in paragraphs 1
15 through 23 above, when she filed these documents on April 14, 2009.

16     26. Defendants numerous omissions, pattern of falsity and reckless indifference and
17 disregard of the truth constitute fraudulent intent in failing to disclose the information set forth in
18 paragraphs 1 through 23 above.

19     27. As a result of the Defendant's fraudulent conduct referred to above, the Defendant
20 fraudulently obtained a discharge.

21     28. Plaintiff did not know of the fraud until after the granting of Defendant's
22 discharge on August 26, 2009.

23     29. Plaintiff makes this request for revocation of Defendant's discharge less than one
24 year after the date her discharge in the above-captioned case was granted.

25     Wherefore, Plaintiff prays that based on the foregoing the Defendant's discharge be
26 revoked, and that she have such other and further relief and this Court deems just and proper.
27 //
28 //

**PRAYER FOR RELIEF**

Plaintiff prays that based on the foregoing the Defendant's discharge be revoked, and that she have such other and further relief and this Court deems just and proper.

Dated: April 16, 2010

Respectfully submitted

Barbara A. Matthews
Assistant U.S. Trustee

By: *Margaret H. McGee*
Margaret H. McGee
Trial Attorney
Attorneys for Sara L. Kistler
Acting United States Trustee