

Signed: October 25, 2010

_____
EDWARD D. JELLEN
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In re                               Case No. 09-43072 EDJ-7
                                    Adv. No. 10-4091 AJ
CAROLYN YVONNE BELL,

                Debtor.      /
AUGUST B. LANDIS, Acting
United States Trustee,*

                Plaintiff,
vs.

CAROLYN YVONNE BELL,

                Defendant. /
*Substituted for Sara L. Kistler,
Acting U.S. Trustee, who filed
the complaint herein.
```

# DECISION

By this adversary proceeding, August B. Landis, Acting United States Trustee ("Landis"), seeks revocation of the discharge received by Carolyn Yvonne Bell, the above debtor ("Bell"). The court will enter its order revoking Bell's discharge.

A. <u>Background</u>

Bell is a chronic serial bankruptcy filer, who has demonstrated little or no regard for her responsibilities as a debtor under the

Decision

Bankruptcy Code.  She filed this voluntary chapter 7 bankruptcy case (the "current case") on April 14, 2009.  Prior to her filing of the current case, specifically, during the period from February 2, 2007 through December 8, 2008, Bell filed six separate bankruptcy cases.  She did not file a complete set of schedules nor a Statement of Financial Affairs, as required by Fed.R.Bankr.P. 1007(b)(1), in any of these cases.  The court dismissed all of them, either at Bell's request or on motion of the trustee in the particular case.

By order filed August 20, 2007 (the "Bar Order"), the court dismissed the fifth of these cases, No. 07-41802 EDJ-13, with prejudice,[1] and ordered that Bell would be sanctioned in the sum of $5,000 if she filed another bankruptcy petition without prior permission from the court.  Thereafter, without permission, Bell filed a sixth case, the current case, and two bankruptcy cases subsequent to the current case.

In filing the current case, Bell was represented by attorney Thomas Swihart ("Swihart").  Swihart also represented Bell in the first two of the six bankruptcy filings that preceded this case, and in the two cases Bell filed after this case.

In the current case, unlike the prior cases, Bell did file her bankruptcy schedules and Statement of Financial Affairs.  Sadly, these documents were essentially a work of fiction.  Bell failed to

---

[1] Bankruptcy Code § 349(a) provides that if the court dismisses a bankruptcy case with prejudice, the debtor may not, in a future case, discharge debts that were dischargeable in the case dismissed.

Decision                             2

disclose, among other things:

    a.  In her petition: any of her prior bankruptcy filings, as required by the question at the top of page 2;

    b.  In her Schedule A - Real Property: a parcel of real property in Richmond, California that she owned;

    c.  In her Statement of Financial Affairs: the sale within two years prior to the filing of the petition of a parcel of real property in Lafayette, California (the "Lafayette Property"), as required by question 10, and her transfer of $198,000 in equity in the Lafayette Property to the buyer, a relative;

    d.  In her Statement of Financial Affairs: her rental income, as required by question 2;

    e.  In her Statement of Affairs: her board and care business, as required by question 18; and

    f.  In her Schedule B - Personal Property: a van that she owned.

All of the foregoing papers were signed by Bell under penalty of perjury. At the meeting of creditors mandated by Bankruptcy Code § 341(a), Bell filled out a questionnaire required by Lois Brady, trustee in bankruptcy ("Brady"), Exhibit 12 herein, in which she affirmed in writing, among other things, that she personally did "review and sign" her "petition, schedules, and other documents filed with the court," that the information therein was "true, complete and accurate," and that she had "listed everything [she] owned in these schedules."

/////

Decision        3

Although these affirmations were generally false, Bell did tell Brady in response to Brady's questioning at the meeting of creditors that she owned a van she had not disclosed in Schedule B, and a residential care business that she had not mentioned in Schedule B nor in her Statement of Financial Affairs. Bell also revealed to Brady that she had sold the Lafayette Property prior to the filing of the petition, but misrepresented to Brady that she had sold it for a purchase price of $792,000, whereas the actual purchase price was $990,000. Final Closing Statement, Landis's Exhibit 16, line 401.

Nor did Bell reveal to Brady that she had transferred $198,000 of real property equity to the buyer in connection with that sale: Final Closing Statement, Exhibit 16, line 204, states that the $198,000 transfer to the buyer was "Gift Equity from seller to buyer." Bell testified that of this amount, $125,000 was in repayment of a loan that Bell owed the buyer. For present purposes, whether or not a portion of the undisclosed transfer was a loan repayment is irrelevant in that disclosure in the Statement of Financial Affairs in response to question 10 was required in either case.

On August 26, 2009, Bell received her general discharge herein. In November 2009, the subsequent bankruptcy filings by Bell came to the attention of Asst. U.S. Trustee Barbara Matthews, whereupon Bell's prior filings, undisclosed in her bankruptcy petition for the current case, her violation of the Bar Order, and eventually, many of the misrepresentations by Bell in her bankruptcy papers,

Decision 4

previously unknown to Brady or anyone in the U.S. Trustee's office, came to light. The present adversary proceeding to revoke Bell's discharge followed.

B. <u>Discussion</u>

Bankruptcy Code § 727(d)(1) provides:

> (d) On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if--
> (1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge.

"As a general rule, to obtain relief under § 727(d)(1), the plaintiff must prove that the debtor committed fraud in fact. . . . The fraud must be proven in the procurement of the discharge and sufficient grounds must have existed which would have prevented the discharge." <u>In re Bowman</u>, 173 B.R. 922, 925 (9th Cir. BAP 1994) (internal citations omitted).

To prove that a debtor's discharge should be revoked because of a false representation, a plaintiff must show that the debtor engaged in conduct that would have caused the bankruptcy court to deny a debtor a discharge under Bankruptcy Code § 727(a)(4), had the actual facts been known at the time. <u>In re Guadarrama</u>, 284 B.R. 463, 469 (C.D. Cal. 2002). In order to prove that a debtor's discharge should be denied on account of a false oath, the plaintiff must show that the debtor made a false oath in connection with the case, the oath related to a material fact, and that the oath was made knowingly and fraudulently. <u>In re Retz</u>, 606 F.3d 1189, 1197 (9th Cir. 2010).

Decision 5

Here, Bell does not dispute that her bankruptcy petition, schedules, and Statement of Financial Affairs were false in numerous respects. Nor does Bell dispute that the items she misrepresented and omitted were material.[2] Nor does she dispute that, except for the items she disclosed to Brady at the meeting of creditors, neither Brady nor the U.S. Trustee's office had any knowledge, prior to the granting of her discharge, of the many misrepresentations and omissions in her bankruptcy papers.

1. Naegle Defense

Bell's primary defense, rather, is the incredible proposition that she made no false oath in connection with her bankruptcy case because she e-filed her petition, schedules, and Statement of Financial Affairs through Swihart's law office, and because Swihart cannot now locate the original documents that Bell had signed.[3]

As authority for this defense, Bell cites U.S. v. Naegle, 367 B.R. 1 (D.D.C. 2007). In Naegle, a criminal defendant had been indicted pursuant to 18 U.S.C. § 152(3) for, among other things, "knowingly and fraudulently mak[ing] a false declaration . . . or

---

[2] A fact is material "if it bears a relationship to the debtor's business transactions or estate, or concerns the discovery of assets, business dealings or the existence and disposition of the debtor's property." In re Wills, 243 B.R. 58, 62 (9th Cir. BAP 1999). See also, In re Retz, 606 F.3d 1189, 1198 (9th Cir. 2010).

[3] Based on this defense, Bell, through her trial counsel, David Smyth, moved to bar the U.S. Trustee from introducing any evidence at trial, and moved for dismissal of the adversary proceeding. The court denied both motions.

Decision 6

Case: 10-04091   Doc# 20   Filed: 10/25/10   Entered: 10/25/10 16:56:48   Page 6 of 13

statement under penalty of perjury . . . in relation to a case under title 11." A portion of the indictment was based on an allegedly fraudulent Statement of Financial Affairs that the defendant had filed with the bankruptcy court.

The district court dismissed this portion of the indictment on motion of the defendant because the prosecution had presented no evidence that the defendant had filed the signature page of the Statement of Financial Affairs with the bankruptcy court, or had ever provided a copy of the signature page to any persons associated with the bankruptcy proceeding. Naegle, 367 B.R. at 5. ("In this case, however, the SOFA [Statement of Financial Affairs] was filed, but its signature page was not." Id. at 10.)

Here, unlike the situation in Naegle, the Bankruptcy Court docket (Docket No. 1) for the current case shows that Bell did file the signature pages for her bankruptcy petition, her schedules, and her Statement of Financial Affairs, all under penalty of perjury. Thus, apart from the fact that Naegle was a criminal case, its reasoning is inapplicable here.

Moreover, Paragraph 8 of this court's Electronic Case Filing Procedures, as in effect at the time Swihart electronically filed the current case on Bell's behalf, and to which Swihart was subject, provided:

> Pleadings, including but not limited to petitions, lists, schedules and amendments that are required to be verified under FRBP 1008 . . . and all affidavits or other pleadings in which a person . . . swears under oath or penalty of perjury concerning the truth of matters set forth in that pleading or document ("Verified Pleading") may be filed electronically. A Registered Participant

Decision 7

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
1300 Clay Street (2d fl.)
Oakland, CA. 94612

> [such as Swihart] . . . shall insure that the electronic version conforms to the original, signed pleading/document. Each signature on the original, signed pleading/document shall be indicated on the electronically filed Verified Pleading with the typed name of the person purported to have signed the pleading/document. The electronic filing of a Verified Pleading constitutes a representation by the Registered Participant who filed it that the Registered Participant has, in his possession at the time of filing, the fully executed original, signed pleading/document.

Electronic Case Filing Procedures, dated May 1, 2008, paragraph 8.

Here, the papers that Bell electronically filed through Swihart did contain Bell's name with the required indication ("/s/") that Bell had signed the originals. And although Swihart claims that he is unable to find the signed originals, he testified, without contradiction, that he had them at the time of Bell's bankruptcy filing.

Bell's trial counsel, David Smyth, argued at trial that the papers Swihart e-filed with the bankruptcy court may not have been the same as the papers Bell signed. Bell, however, presented no evidence to support this argument.

Finally, the court notes that, under the rule suggested by Bell, any bankruptcy debtor would be free to falsify his or her bankruptcy papers, with impunity, in any bankruptcy case in which the papers are e-filed through counsel, and in which the debtor's counsel claims that he or she cannot for some reason locate the originals. Under such a rule, our bankruptcy system could not function.

The court holds that Bell's defense based on <u>Naegle</u> fails.

/////

Decision 8

2. <u>Lack of Fraudulent Intent Defense</u>

Bell also argues that she did not intend to defraud anyone, and blames Swihart for the omissions and misrepresentations in her bankruptcy papers.

This defense fails. As to Bell's failure to disclose her six prior bankruptcy filings in her petition, Swihart testified that it was through his error and lack of familiarity with his e-filing software that Bell's bankruptcy petition failed to disclose any of these prior bankruptcy cases.

Even if true, however, Bell admitted that Swihart gave her all of the documents to review before she signed them, and that she did sign them. Obviously, Bell knew about her six prior bankruptcy filings when she signed the petition stating that she had no previous bankruptcy filings, and she so admitted under cross-examination.

Moreover, in Bell's case No. 09-70695 N13, one of the two bankruptcy cases Swihart filed for Bell after the current case, a hearing was held on June 10, 2010 before Judge Newsome of this court on the U.S. Trustee's motion for sanctions against Swihart. At that hearing, Swihart used the same excuse - that he was brand new to e-filing - to justify the additional bankruptcy filings in violation of this court's Bar Order. Transcript of Proceedings before Judge Newsome, June 10, 2010, page 3/24 - 4/19.[4]

/////

---

[4] By order filed June 18, 2010, Judge Newsome imposed sanctions against Swihart in the sum of $2,200.

Decision 9

In short, the court is not persuaded that Swihart is the person responsible for the misrepresentations in Bell's bankruptcy petition.  See In re Devers, 759 F.2d 751, 754 (9th Cir. 1985) ("[I]t is axiomatic that the debtor cannot prevail if he fails to offer credible evidence after the creditor makes a prima facie showing.")  Rather, Bell is responsible.

As to Bell's filing the current case in violation of the Bar Order, Bell admitted that she was aware of the prohibition when she filed the current case, but contends that any violation was excusable because Swihart had advised her that the prohibition was for only one year.

The court rejects this argument.  The Bar Order contains no such limitation.  Bell admits that she read it before she filed the current case.  In an unsworn statement made to Judge Newsome, Swihart claimed - not that he advised Bell - but that Bell advised him, that the prohibition was for only one year.[5]

---

[5]At the hearing before Judge Newsome in case no. 09-70695, Swihart stated to Judge Newsome:

> And she [Bell] came back to me, did not tell me about the previous chapter 7 that she had filed that was dismissed for failure to file complete papers.  She was filing papers in pro per.  She did tell me that she had filed a few chapter 13's in pro per and that Judge Jellen had ordered her not to file again for a year.  Now, I had no reason at that time to suspect that my client was not telling the truth.

Transcript of hearing before Judge Newsome held June 10, 2010 in case No. 09-70695, page 5/5-11.

Decision                            10

And regardless of Swihart's and Bell's conflicting stories as to who advised whom of what, it is clear that, for reliance on the advice of counsel to negate a fraudulent intent, the reliance must be in good faith. See In re Adeeb, 787 F.2d 1339, 1343 (9th Cir. 1986); In re Retz, 606 F.3d 1189, 1199 (9th Cir. 2010). Here, it is questionable whether Bell relied on any advice by Swihart when she elected to disregard the Bar Order. But even if she did so rely, such reliance was not in good faith.

As to Bell's failure to disclose the prepetition $198,000 equity transfer in response to question 10 on her Statement of Financial Affairs, Swihart testified that he was unaware until the trial of this adversary proceeding that Bell had transferred $198,000 of equity in the Lafayette Property to a relative prior to the filing. Thus, Bell cannot reasonably blame Swihart for her failure to disclose this transfer.

C. Conclusion

Bell's bankruptcy petition, schedules, and Statement of Financial Affairs are replete with numerous material omissions and misrepresentations. The weight of the evidence showed that Bell made the misrepresentations and omissions with the intent to defraud her creditors and Brady.

It follows from the foregoing that Bell obtained her discharge fraudulently, and that revocation of Bell's discharge is

/////

/////

/////

Decision 11

appropriate.[6] The court will issue its order so providing.

**END OF ORDER**

---

[6] Because of this holding, the court need not decide whether Bell's filing of the current case in violation of the Bar Order provides a separate and independent ground for revocation of her discharge, or for vacation of the discharge order herein pursuant to Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b).

Decision 12

```
1                              COURT SERVICE LIST
2  Margaret H. McGee, Esq.
   Office of the U.S. Trustee
3  1301 Clay Street, Suite 690N
   Oakland, CA 94612
4

5  David Ashley Smyth, Esq.
   Smyth Law Offices
6  1990 N. California Boulevard #830
   Walnut Creek, CA 94596
7
```

Decision                              13